IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY A. ANDERSON | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:08-CV-00889-DGK |
| INTERNATIONAL ASSOCIATION OF OPERATIVE MILLERS | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant International Association of Operative Millers (hereinafter the "Defendant"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby gives notice of removal of this action to the United States District Court for the Western District of Missouri, Western Division, from the Circuit Court of Jackson County, Missouri, at Kansas City. Defendant states the grounds for removal as follows:

1. Plaintiff Gary A. Anderson (Plaintiff) commenced a civil action against Defendant in the Circuit Court of Jackson County, at Kansas City on October 7, 2008, styled *Gary A. Anderson v. International Association of Operative Millers,* 0816-CV31678 (the "Action").

2. On October 24, 2008, Defendant was served with a copy of the state court "Petition for Retaliatory Termination (Whistleblowing)" (hereafter "Petition") and Summons. Copies of the Petition and process, pleadings, and orders provided to Defendant are attached hereto as Exhibit A and are incorporated herein by reference in accordance with 28 U.S.C. § 1446(a).

3. Plaintiff's Action against Defendant is for damages and other relief for alleged wrongful discharge. Among other things, plaintiff alleges that he (1) came to believe certain activities of the Defendant's Employee Relations Committee "potentially violated the federal anti-

trust laws as expressed in 15 U.S.C. § 1 which states:

> a. Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.
>
> Cases construing this provision have held that the exchange of information through an industry association can be an anti-trust violation. See *Todd v. Exxon Corp.*, 275 F.3d 191 (C.A.N.Y. 2001) and cases digested under Antitrust and Trade Regulation, Key No. 29Tk861k."

Petition, ¶¶26-27. Plaintiff also alleges that he came to believe certain e-mails containing "sexually implicit [sic] comments or suggestions sent by male board members and officers of Defendant to one or more of the Defendant's female employees" could potentially be construed to constitute sexual harassment in violation of, among other things, "the laws of the United States as expressed in 42 U.S.C. 2000 e-2 which states:

> (a) Employer practices
>   i. It shall be unlawful employment practice for an employer - -
>      1. (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . .; or
>      2. (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . sex , . . ."

Id. ¶33a. Plaintiff alleges a contributing factor in his termination by Defendant was in retaliation for his good faith reporting of potential anti-trust and sexual harassment violations and was contrary to the public policy of the state of Missouri. Id. ¶¶ 49-50.

4. The Action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 because it alleges state-law claims where plaintiff's right to relief under state law requires resolution of substantial questions of federal law in dispute between the parties. Plaintiff's claims implicate significant federal issues, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Accordingly, the Action is one arising under the laws of the United States and is removable to this Court. *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308, 125 S. Ct 2363 (2005); *Illig v. Union Electric Company*, 334 F. Supp. 2d 1151 (E.D. Mo. 2004); *Becnel v. KPMG LLP*, 387 F. Supp. 2d 984, 986 (W.D. Ark. 2005).

5. The filing of the Petition by plaintiff with the aforementioned allegations makes this Action removable to this Court without regard to the citizenship or residence of the parties under 42 U.S.C § 1441(b).

6. This Notice of Removal is timely filed within thirty (30) days after the receipt from plaintiff of the Petition from which Defendant could ascertain that the Action was properly removable to this Court.

7. Immediately upon filing of this Notice of Removal, Defendant will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, at Kansas City and will provide written notice to plaintiff, all in accordance with 28 U.S.C. § 1446(d).

8. The United States District Court for the Western District of Missouri, Western Division at Kansas City, is the appropriate court for filing a Notice of Removal from the Circuit Court of Jackson County, Missouri, at Kansas City, where the Action is pending, and accordingly Defendant seeks to remove the Action to the Western District of Missouri, Western Division sitting in Kansas City.

9. Under the provisions of 28 U.S.C. §§ 1441(b) and 1331 and W.D. Mo. Local Rule 3.2, and other applicable statutes, all of which Defendant has complied with, the Action is removable to the United States District Court for the Western District of Missouri, Western Division at Kansas City.

**WHEREFORE**, having fulfilled the statutory requirements of removal of this action, Defendant hereby removes this action.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: s/*Samuel P. Logan*
    Samuel P. Logan, MO# 41159
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS  66210-2017
(913) 498-2100
(913) 498-2101 FAX
Email: slogan@foulston.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system and foregoing was served upon plaintiff herein by depositing the same in the United States mail, first-class, postage prepaid, on this 24th day of November, 2008.

Reggie C. Giffin
200 NW 47th Street
Kansas City, MO  64116
Email:  rgiffin@kc.rr.com

*Attorney for Plaintiff*

s/*Samuel P. Logan*
Samuel P. Logan