IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY A. ANDERSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:08-CV-00889-DGK |
| ) | |
| INTERNATIONAL ASSOCIATION OF ) | |
| OPERATIVE MILLERS ) | |
| ) | |
| Defendant. ) | |

### ANSWER OF
### DEFENDANT INTERNATIONAL ASSOCIATION OF OPERATIVE MILLERS

COMES NOW the Defendant, International Association of Operative Millers, hereinafter referred to as "Defendant" or "IAOM", by and through counsel, Foulston Siefkin LLP, and for its Answer to Plaintiff's Petition for Retaliatory Termination (Whistleblowing)(TI), hereinafter referred to as "Plaintiff's Petition", alleges and states as follows:

1. In response to the allegations of paragraph 1 of Plaintiff's Petition, Defendant denies that any of its members are "grain milling company members," as only individuals are permitted to join IAOM. Defendant admits the remaining allegations of paragraph 1 of Plaintiff's Petition.

2. Defendant admits the allegations of paragraph 2 of Plaintiff's Petition.

3. Defendant admits the allegations of paragraph 3 of Plaintiff's Petition. In further response, Defendant states that its only office is located in Kansas at 5001 College Blvd., Suite 104, Leawood, Kansas 66211, that this has been IAOM's office address at all times relevant to allegations made in Plaintiff's Petition, and that IAOM has not had any office in Missouri during such time.

4. Defendant admits the allegations of paragraph 4 of Plaintiff's Petition.

5. Defendant admits the allegations of paragraph 5 of Plaintiff's Petition.

6. Defendant admits the allegations of paragraph 6 of Plaintiff's Petition.

7. In response to the allegations of paragraph 7 of Plaintiff's Petition, Defendant admits that Plaintiff was an employee of IAOM and was compensated as a full-time employee continuously from the date of Plaintiff's employment with IAOM until the date his employment was terminated on May 30, 2007. Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Petition.

8. Defendant admits the allegations of paragraph 8 of Plaintiff's Petition.

9. Defendant admits the allegations of paragraph 9 of Plaintiff's Petition.

10. Defendant admits the allegations of paragraph 10 of Plaintiff's Petition. In further response, Defendant states that IAOM membership continued to drop throughout Plaintiff's tenure as Executive Vice President and that participation in its conferences has fluctuated.

11. In response to the allegations of paragraph 11 of Plaintiff's Petition, Defendant admits that comparison of IAOM's Balance Sheet as of December 31, 2001, and IAOM's Balance Sheet as of December 31, 2002, shows a decrease of approximately one-third in total assets. Defendant denies the remaining allegations of paragraph 11 of Plaintiff's Petition.

12. Defendant admits the allegations of paragraph 12 of Plaintiff's Petition.

13. In response to the multipart allegations of paragraph 13 of Plaintiff's Petition, IAOM admits that during the first several years of his employment as Executive Vice President of IAOM, Plaintiff made several improvements in the operations of IAOM and in the services provided to its members, many of which are itemized in subparagraphs a-s of paragraph 13; however, subparagraphs a-s of paragraph 13 include characterizations and qualitative statements

with which IAOM does not agree. Therefore, Defendant denies the allegations contained in paragraph 13 of Plaintiff's Petition.

14. In response to the allegations of paragraph 14 of Plaintiff's Petition, Defendant admits the improvements in which Plaintiff participated were likely the subject of positive comments by members of IAOM's general members, board members and officers.

15. In response to the allegations of paragraph 15 of Plaintiff's Petition, Defendant admits that Plaintiff was a satisfactory employee during the first several years of his employment with IAOM. Defendant denies the remaining allegations of paragraph 15 of Plaintiff's Petition.

16. Defendant admits the allegations of paragraph 16 of Plaintiff's Petition.

17. Defendant admits the allegations of paragraph 17 of Plaintiff's Petition.

18. Defendant admits the allegations of paragraph 18 of Plaintiff's Petition.

19. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 19 of Plaintiff's Petition, and the same are therefore denied.

20. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 20 of Plaintiff's Petition, and the same are therefore denied.

21. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 21 of Plaintiff's Petition, and the same are therefore denied.

22. Defendant admits the allegations of paragraph 22 of Plaintiff's Petition.

23. In response to the allegations of paragraph 23 of Plaintiff's Petition, Defendant admits that the topics listed were at times discussed during meetings of the Employee Relations Committee and that such discussions were recorded in the minutes of such meetings. The remaining allegations of paragraph 23 of Plaintiff's Petition are denied.

24. In response to the allegations of paragraph 24 of Plaintiff's Petition, Defendant admits that the following appears in the minutes of the "AOM Personnel Management Committee Telephone Conference - October 29, 2001":

> Everyone is having a difficult time attracting good applicants and retaining them. Some feel that we as an industry have done such a good job in keeping wages low in negotiations, we now are paying the price by not being as competitive as other industries in attracting labor.

The remaining allegations of paragraph 24 of Plaintiff's Petition are denied.

25. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 25 of Plaintiff's Petition, and the same are therefore denied.

26. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 26 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated 15 U.S.C. §1 or any other federal antitrust law, any such allegation is specifically denied.

27. In response to the allegations of paragraph 27 of Plaintiff's Petition, the averments contained therein constitute a conclusion of law to which no response is required. To the extent the averments are deemed averments of fact and a response is required, they are denied.

28. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 28 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated Section 416.031 RSMo. 2000 or any other state law, any such allegation is specifically denied.

29. In response to the allegations of paragraph 29 of Plaintiff's Petition, the averments contained therein constitute a conclusion of law to which no response is required. To the extent the averments are deemed averments of fact and a response is required, they are denied.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's Petition.

31. Defendant admits the allegations of paragraph 31 of Plaintiff's Petition.

32. Defendant denies the allegations of paragraph 32 of Plaintiff's Petition.

33. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 33 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated 42 U.S.C. 2000 e-2, Section 213.055.1 RSMo. 2000, any such allegation is specifically denied. In further response, IAOM states that at all times relevant to the allegations made in Plaintiff's Petition, IAOM has had a maximum of three employees at any one time, and therefore does not meet the minimum number of employees required to be covered by either 42 U.S.C. 2000 e-2, which requires a minimum of 15 employees, or Section 213.055.01 RSMo. 2000, which requires a minimum of 6 employees. Furthermore, all such employees have worked in IAOM's office in Leawood, Kansas, and are employed by IAOM within the State of Kansas, not within the State of Missouri.

34. Defendant admits the allegations of paragraph 34 of Plaintiff's Petition.

35. In response to the allegations of paragraph 35 of Plaintiff's Petition, the averments contained therein constitute a conclusion of law to which no response is required. To the extent the averments are deemed averments of fact and a response is required, they are denied.

36. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 36 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated any federal or state law, any such allegation is specifically denied.

37. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 37 of Plaintiff's Petition, and the same are therefore denied. To the

extent that Plaintiff alleges that Defendant has violated any federal or state law, any such allegation is specifically denied.

38. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 38 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated any federal or state law, any such allegation is specifically denied.

39. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 39 of Plaintiff's Petition, and the same are therefore denied. To the extent that Plaintiff alleges that Defendant has violated any federal or state law, any such allegation is specifically denied.

40. Defendant denies the allegations of paragraph 40 of Plaintiff's Petition.

41. Defendant denies the allegations of paragraph 41 of Plaintiff's Petition.

42. In response to the allegations of paragraph 42 of Plaintiff's Petition, Defendant admits that the President of IAOM was a supervisor of Plaintiff. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 42 of Plaintiff's Petition, and the same are therefore denied.

43. Defendant denies the allegations of paragraph 43 of Plaintiff's Petition.

44. In response to the allegations of paragraph 44 of Plaintiff's Petition, the averments contained therein constitute a conclusion of law to which no response is required. To the extent the averments are deemed averments of fact and a response is required, they are denied.

45. Defendant denies the allegations of paragraph 45 of Plaintiff's Petition.

46. In response to the multipart allegations of paragraph 46 of Plaintiff's Petition, Defendant admits that as a result of Plaintiff's failure to meet certain requirements necessary to

6

Case 4:08-cv-00889-DGK   Document 4   Filed 12/02/08   Page 6 of 10

adequately perform his duties as Executive Vice President of IAOM, Defendant was required to address issues with Plaintiff's performance, and that other members of the management and staff of IAOM were required to perform certain duties which Plaintiff had previously performed and/or was expected to perform but which Plaintiff was not performing; however, subparagraphs a-w of paragraph 46 include characterizations and qualitative statements regarding these tasks and/or duties with which IAOM does not agree. Therefore, Defendant denies the allegations in Paragraph 46 of Plaintiff's Petition.

47. Defendant denies the allegations of paragraph 47 of Plaintiff's Petition.

48. In response to the allegations of paragraph 48 of Plaintiff's Petition, Defendant admits that Plaintiff was terminated from employment with Defendant on May 30, 2007, for failure to adequately perform his job duties. All other allegations of Paragraph 48 of Plaintiff's Petition are denied.

49. Defendant denies the allegations of paragraph 49 of Plaintiff's Petition.

50. Defendant denies the allegations of Paragraphs 50 of Plaintiff's Petition.

51. In response to the allegations of Paragraph 51 of Plaintiff's Petition, Defendant denies that Plaintiff was wrongfully terminated. The remaining allegations of paragraph 51 of Plaintiff's Petition are admitted.

52. Defendant denies the allegations of paragraph 52 of Plaintiff's Petition.

### COUNT I
### (Violation under Title VII of the Civil Rights Act – Sexual Harassment – Hostile Work Environment)

53. Defendant denies the allegations of paragraph 53 of Plaintiff's Petition.

54. Defendant denies the allegations of paragraph 54 of Plaintiff's Petition.

## DAMAGES

55. Defendant denies the allegations of paragraph 55 of Plaintiff's Petition.

56. Defendant denies the allegations of paragraph 56 of Plaintiff's Petition.

## DEFENSES

Without assuming the burden of proof where it would otherwise rest with Plaintiff, Defendant further states:

57. Plaintiff has failed to state a claim for which relief may be granted.

58. Plaintiff's claims fail for lack of jurisdiction, including subject matter jurisdiction.

59. Under RSMo. §508.010, venue was improper in state court in Jackson County, Missouri where this action was originally filed.

60. Plaintiff has failed to exhaust his administrative remedies.

61. The applicable statutes of limitation have expired as to some or all of Plaintiff's claims.

62. At all times relevant, Defendant's conduct toward and treatment of Plaintiff was in good faith, and all employment decisions that affected the Plaintiff were based on legitimate non-discriminatory reasons.

63. Plaintiff's claims are barred by the equitable doctrines of laches, waiver and estoppel.

64. Plaintiff fails to establish that he has complied with each of the statutory prerequisites to maintain a cause of action under Title VII or the appropriate state human rights agency and, therefore, this Court lacks jurisdiction as to some of Plaintiff's allegations. Plaintiff further fails to establish that he has properly exhausted all of his administrative remedies prior to maintaining his causes of action and/or that he has failed to timely file an administrative charge

with either the Equal Employment Opportunity Commission or the Missouri Commission on Human Rights with respect to some of his allegations contained herein.

65. This action should be dismissed under principles of *forum non conveniens* or transferred to the District of Kansas pursuant to 28 U.S.C. § 1404(a).

66. Plaintiff's damages are not to the extent nor of the nature alleged.

67. At all times relevant, Plaintiff has failed to mitigate any damages he may have sustained.

68. Defendant reserves the right to assert additional affirmative and other defenses that become known through discovery.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant IAOM respectfully requests that the Court dismiss Plaintiff's Petition with prejudice; deny Plaintiff's prayer for relief; award the Defendant its costs, including reasonable attorney fees; and grant the Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By:     /s/ Samuel P. Logan
              Samuel P. Logan, MO #41159

Vaughn Burkholder, KS# 11458
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS  66210
Telephone:    (913) 498-2100
Facsimile:    (913) 498-2101
Email:  slogan@foulston.com

ATTORNEYS FOR DEFENDANT

9

## CERTIFICATE OF SERVICE

   I hereby certify that on this 2nd day of December, 2008**,** I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Reggie C. Giffin
Reggie C. Giffin P.C.
200 NW 47th Street
Kansas City, MO  64116

ATTORNEYS FOR PLAINTIFF

                 /s/ Samuel P. Logan
                ATTORNEYS FOR DEFENDANT